SUMMARY ORDER

Defendant-appellant Shawn Coons (hereinafter “Coons” or “defendant”) was convicted of reckless endangerment in the first degree, a felony, for which he received a 2—6 year state prison sentence in December 2002. On September 1, 2005, he was released on parole.
In January 2006, the city police in Rotterdam, New York found a firearm in Coons’s possession and arrested him. Coons was then placed in state custody for violating his parole. He later pled guilty in the United States District Court for the Northern District of New York to violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which forbid those previously convicted of felonies from possessing firearms. Coons’s federal sentencing hearing was not held until May 2007, at which time Coons had been in state custody for approximately 16 months.
At Coons’s sentencing hearing in federal court before Judge Lawrence E. Kahn, Coons argued that his sentence should be reduced by 16 months to reflect the period that he had been in state custody. Coons contended that the district judge had the authority to make this adjustment under § 5G1.3(b) and (c) of the United States Sentencing Guidelines. Judge Kahn concluded that a Guidelines sentence would be 27 to 33 months in prison and sentenced Coons to 27 months in prison. The judge did not grant the 16-month adjustment.
On appeal to us, Coons makes two arguments. First, he claims that Judge Kahn made some comments at the sentencing hearing that suggest the judge thought that § 5G1.3(b) and (c) did not authorize him to grant the 16-month adjustment Coons requested. Coons argues that this is an erroneous interpretation of § 5G1.3 and that we should correct the district court’s misinterpretation and remand for resentencing. See, e.g., United States v. Genao, 343 F.3d 578, 586-87 (2d Cir.2003) (“Where a District Court mistakenly believes that it lacks the authority to exercise discretion, we remand for resentencing.”). But after reviewing the record, including defendant’s lengthy criminal history, we do not agree that the district judge thought he lacked the authority to order such relief. Instead, we conclude that the judge decided he would not grant it in this case even if he had the discretion to do so.[1] Therefore, we need not remand.
*13 Second, Coons argues that his sentence must be vacated because the district court failed to abide by the command of 18 U.S.C. § 3553(a) that a sentencing court consider a number of factors, such as “the nature and circumstances of the offense and the history and characteristics of the defendant,” the need to “afford adequate deterrence to criminal conduct,” and “the kinds of sentences available.” 18 U.S.C. § 3553(a)(1), (2)(B), (3).
This argument fails because this Court will “presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors.” United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006); see also United States v. Wills, 476 F.3d 103, 107 (2d Cir.2007) (“No robotic incantation of the factors is required .... ” (internal quotation marks omitted)). There was no indication here that the district court failed to consider the statutory factors. Indeed, the court explicitly stated that it had “considered ... the factors outlined in 18 U.S.C. [§ ] 3553” and discussed, among other things, defendant’s criminal history. Therefore, this challenge to defendant’s sentence also fails.
■ We have considered defendant’s remaining arguments, and find them to be without merit.
For the foregoing reasons, we AFFIRM the judgment of the district court.

. Thus we need not (and do not) decide whether § 5G1.3 authorized the district court to grant the 16-month adjustment.